J-A01043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LAMONT BOST | |
| Appellant | No. 2777 EDA 2014 |

Appeal from the Judgment of Sentence July 29, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001911-2012

BEFORE:  LAZARUS, J., OTT, J., and STEVENS, P.J.E.*

MEMORANDUM BY LAZARUS, J.:                    **FILED MARCH 18, 2016**

Lamont Bost  appeals from his judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, after being convicted by a jury of simple assault[1] and terroristic threats.[2]  After careful review, we affirm.

Bost was charged with aggravated assault, simple assault, possessing instruments of crime (generally), terroristic threats and carrying a firearm without a license.  The facts underlying the charges are as follows.  On November 17, 2011, at approximately 7:30 p.m., nineteen-year-old Bret Jarrett (victim) was outside his home in Northeast Philadelphia when he

---

[1] 18 Pa.C.S. § 2710(a)(1).

[2] 18 Pa.C.S. § 2706(a)(1).

*Former Justice specially assigned to the Superior Court.

encountered Bost. Bost was the boyfriend of co-defendant Michael Delgado; Delgado was also the mother of the victim's friend. The victim had encountered Bost on the block several times and, having become concerned at the manner in which Bost stared at him, had mentioned the staring to a neighbor.

Upon observing the victim, Bost approached him and stated that he wanted to speak with him. They walked down the street and stopped thirty or forty feet away, where Bost berated the victim for his remarks to the neighbor and told him not to speak with anyone about the subject again. Bost was gesticulating as he spoke and, moving closer to the victim, used a hard object inside his hoodie jacket pocket to jab the teenager twice in the stomach. Threatening, "I should end your bitch ass," Bost then pulled a semi-automatic firearm from his pocket and used it to strike the victim in the face. The victim fell to the ground, feeling dizzy. Frightened that Bost would hurt him again with the gun, the victim punched Bost in the stomach in an effort to make him drop the weapon. The roughly six-inch gun fell to the ground, and Bost picked it up and ran away. The victim suffered swelling to his face, a cut, and bleeding.

The victim returned to his home, and the police arrived approximately ten minutes later, after being summoned by the victim's mother. The officers removed three guns from a safe in Delgado's home, all three of which were operable and loaded with live ammunition. One was a black .40

caliber Taurus with gray "slide" and scratched-out serial number. The gun was between six and nine inches long when the slide was fully inserted.

Bost was tried by a jury, jointly with Delgado, before the Honorable Earl W. Trent, Jr. After hearing all of the evidence, including the eyewitness testimony of the victim and the responding officers, a jury convicted Bost of simple assault and terroristic threats; he was acquitted of all firearms charges. The trial court imposed an outside-the-guideline sentence[3] of 2 to 5 years' incarceration for terroristic threats, and a consecutive term of 2 years' reporting probation for simple assault. Bost filed post-sentence motions that were denied. This timely appeal follows.

On appeal, Bost presents the following issues for our consideration:

(1) Was [the] evidence insufficient to sustain Appellant's simple assault conviction because the Commonwealth failed to establish that the complainant suffered bodily injury?

(2) Is Appellant entitled to the grant of a new trial because the trial court committed reversible error by permitting the Commonwealth to introduce inadmissible hearsay evidence?

(3) Did [t]he sentencing court commit an abuse of discretion by imposing sentences outside the recommended guidelines [sic] ranges because the sentence was

---

[3] A standard-range sentence for a defendant with an offense gravity score (OGS) of 3 and prior record score (PRS) of 4 is 3-14 months, plus or minus 3 months for aggravated and mitigated ranges, respectively. *See* 204 Pa. Code §303.16 Basic Sentencing Matrix, (6th Ed., Rev. 12/5/2008). Therefore, Bost's sentence of 2-5 years' imprisonment was outside the guidelines.

excessive under the circumstances of the case and the trial court relied on factors already considered by the guidelines?

In his first issue, Bost claims that the Commonwealth failed to prove that he committed simple assault because there was no proof, beyond a reasonable doubt, that he caused bodily injury to the victim. We disagree.

> In reviewing a challenge to the sufficiency of the evidence, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crimes charged was established beyond a reasonable doubt.

***Commonwealth v. Randall***, 758 A.2d 669, 674 (Pa. Super. 2000).

> The crime of simple assault is defined, in part, as:
>
> (a) Offense defined. -- Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:
>
>> (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]

18 Pa.C.S. § 2701(a). Bodily injury, for purposes of proving simple assault under section 2701(a), is defined as "[i]mpairment of physical condition or substantial pain." ***Id.*** at § 2301.

Instantly, the Commonwealth proved that Bost used a semi-automatic firearm to pistol-whip the victim in the face. The blow resulted in the victim falling to the floor, feeling dizzy, and suffering a bleeding, swelling cut to his face. N.T. Jury Trial, 5/21/13, at 77-79. Under such factual circumstances, we find that the Commonwealth proved simple assault beyond a reasonable doubt. ***See Commonwealth v. Jackson***, 907 A.2d 540 (Pa. Super. 2006)

(where defendant's kick to officer's knee resulted in bruising, swelling, and soreness, bodily injury was proven to sustain section 2701(a)(1) simple assault conviction on appeal).

In his next issue on appeal, Bost asserts that he is entitled to a new trial because the trial court improperly permitted the Commonwealth to introduce inadmissible hearsay evidence.[4]  Specifically, Bost claims that the Commonwealth elicited testimony from a police officer that the victim identified a black .40 caliber Taurus pistol, recovered from a safe in Delgado's home, as the weapon used in the assault.  Bost also alleges that this testimony does not fall within the hearsay exception, set forth in Pa.R.E. 803.1(2) (Prior Statement of Identification by Declarant-Witness exception), because the victim was never asked to identify the gun and never did identify the gun at trial.

Hearsay, an out-of-court statement offered to prove the truth of the matter asserted, Pa.R.E. 801(c), is generally inadmissible unless:  1) an exception applies; or (2) the statement qualifies as "non-hearsay."  Pa.R.E. 802; **Commonwealth v. Puksar**, 740 A.2d 219, 225 (Pa. 1999).  While hearsay evidence is generally excluded because the declarant's credibility cannot be assessed, **Commonwealth v. Sanders**, 394 A.2d 591 (Pa.

_____

[4]  Evidentiary rulings are committed to the sound discretion of the trial court and will not be reversed absent a clear abuse of discretion. **Commonwealth v. Foy**, 612 A.2d 1349 (Pa. 1992).

Super. 1978), certain out-of-court statements offered to explain the course of police conduct are admissible on the basis that they are offered not for the truth of the matter asserted, but rather to show the information upon which the police acted. *Commonwealth v. Douglas*, 737 A.2d 1188 (Pa. 1999). However, some out-of-court statements bearing upon police conduct are inadmissible because they may be considered by the jury as substantive evidence of guilt, especially where the accused's right to cross-examine and confront witnesses against him would be nullified. *Commonwealth v Palsa*, 555 A.2d 808 (Pa. 1989).

Instantly, defense counsel objected[5] to the Commonwealth questioning Officer Christopher McCue about whether the victim was able to identify any of the guns recovered from Delgado's residence as the weapon used during the assault. N.T. Jury Trial, 5/21/13, at 157. The trial court overruled the objection, *id.* at 158-59, and permitted the assistant district attorney to question Officer McCue on the issue as follows:

> ADA: Was the complaining [] witness without telling us his response, was he ever shown any of those three guns [recovered from the safe in Delgado's residence]?
>
> Officer McCue: Yes.
>
> ADA: Okay. And was he able to identify any of the three?

* * *

---

[5] Therefore, this issue is preserved on appeal. *See* Pa.R.A.P. 302.

Officer McCue: Yes, he did.

ADA: Which one did he identify?

Officer McCue: He i.d.'ed the .40 caliber Taurus with the black slide and the gray handle.

ADA: That slide, is that the actual length of that Taurus?

Officer McCue: Yes, it is, Ma'am.

*Id.* at 157, 159.

Instantly, we disagree with the trial court's conclusion that the officer's statements about the gun, elicited by the Commonwealth, fall within the course of conduct hearsay exception. The testimony does not explain the course of the police investigation in the matter and the facts leading to Bost's arrest. The statements go beyond merely explaining why the police were at Delgado's residence. Rather, they are highly incriminating in nature as they consist of the victim's alleged identification of the weapon used by Bost to assault the victim. *Palsa*, *supra*.

However, even though this hearsay testimony was admitted in error, we note that the trial court gave a cautionary instruction to the jury about the testimony, stating:

> Mr. Jarrett, the complaining witness, never testified that he identified the black handgun for Officer McCue. Therefore, I hereby instruct you that the testimony of Officer McCue, wherein he stated that Brett Jarrett did identify the handgun as the gun that Mr. allegedly used to assault him, is not to be taken by you as evidence that Brett Jarrett actually made an identification of the black gun.
>
> You may only accept his testimony as Officer McHugh's reason for seizing the black Taurus .40 caliber gun, along with the other guns, which he seized.

N.T. Jury Trial, 5/22/13, at 71-72. **See Commonwealth v. Means**, 773 A.2d 143 (Pa. 2001) (it is well established that jurors are presumed to follow instructions by court).

Combining the curative instruction with the fact that the victim described the defendant's weapon as a "dark gun" approximately six-inches in length, which is consistent with the recovered .40 caliber Taurus pistol, N.T. 5/21/13, at 77, 85, any error in admitting the officer's testimony was harmless. **See Commonwealth v. Mitchell**, 839 A.2d 202, 214-15 (2003).

Finally, Bost challenges the discretionary aspect of his sentence, claiming that it is manifestly excessive and unreasonable because the sentencing court "considered that appellant committed violent acts more than thirty years prior to the incident herein, a fact already considered by the sentencing guidelines." Appellant's Brief, at 26. We disagree.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. **Commonwealth v. Johnson**, 666 A.2d 691, 693 (Pa. Super. 1995) (quoting **Commonwealth v. Dotter**, 589 A.2d 726 (Pa. Super. 1991)).

> A four-pronged analysis is required before the Pennsylvania Superior Court will review the merits of a challenge to the discretionary aspects of a sentence. Those prongs are: (1) whether the appellant has filed a timely notice of appeal, Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a

substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Hyland*, 875 A.2d 1175, 1183 (Pa. Super. 2005). An appellant raises a substantial question when he shows that the sentencing court's actions were inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. Pa.R.A.P. 2119(f); *Commonwealth v. Ferguson*, 893 A.2d 735 (Pa. Super. 2006).

Initially, we note that Bost has filed a timely notice of appeal, has preserved his discretionary aspect of sentence issue by raising it in timely filed post-sentence motions, and has filed a Rule 2119(f) statement in compliance with *Hyland*. Moreover, Bost has raised a substantial question, thus invoking our appellate jurisdiction to review his sentencing claim. *See Commonwealth v. McNabb*, 819 A.2d 54 (Pa. Super. 2003) (claim that sentencing court impermissibly considered prior record in sentencing defendant above standard-range of guidelines presents substantial question).

Sentencing is within the discretion of the sentencing court and will not be disturbed on review absent a "manifest abuse of discretion" which involves more than a mere "error in judgment." *Commonwealth v. Simpson*, 829 A.2d 834, 836 (Pa. Super. 2003). If a sentence is within the statutory limit, an appellate court will find an abuse of discretion only if the sentence is "patently excessive." *Commonwealth v. Clever*, 576 A.2d 1108 (Pa. Super. 1990); *see* 42 Pa.C.S. § 9781(c)(3) ("The appellate court shall vacate the sentence and remand the case to the sentencing court with

- 9 -

instructions if it finds [that] the sentencing court sentenced outside the guidelines and the sentence is unreasonable.").

We first note that the trial court had the benefit of a presentence investigation (PSI) report prior to sentencing Bost. **See Commonwealth v. Devers**, 546 A.2d 12 (Pa. 1988) (when court has PSI, it is presumed to have considered defendant's character and weighed those considerations along with mitigating statutory factors). Moreover, the court carefully listened to Bost's own statements and took into account Bost's educational background, technical training for carpentry, prior employment, participation in anger management training, and his familial relationships. The court carefully weighed that information against Bost's extensive criminal history which consisted of juvenile adjudications, a 1977 conviction for rape, burglary, and robbery, a prison assault, parole violations and drug possession. Finally, the court acknowledged the standard guideline range for the offenses prior to imposing its outside the guideline sentence. **See Commonwealth v. Chesson**, 509 A.2d 875, 876 (Pa. Super. 1986) (at minimum, when court deviates from sentencing guidelines, it must indicate that it understands the suggested sentencing range; **see also** 42 Pa.C.S. § 9721(b)).

To support its 2 to 5 year prison sentence for terroristic threats, the court emphasized the following factors: protection of the community; Bost's own demonstrated lack of amenability to rehabilitation; and the gravity of the offense. Although the court considered Bost's statement of remorse and

"partial acceptance of responsibility," it found that those factors were outweighed by Bost's criminal history. Finally, while the court's sentence was outside the guidelines, it was below the Commonwealth's requested sentence of 2½ to 5 years' imprisonment. Considering all of this evidence, including Bost's extensive criminal history, his potential to re-offend and the danger he created to the public, the court's determination that a sentence outside the guidelines was neither excessive nor unreasonable, and, therefore, was not an abuse of discretion. ***Simpson***, ***supra***; ***Clever***, ***supra***; 42 Pa.C.S. § 9781(c)(3).

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/18/2016

- 11 -